**ZIMMERMAN & PARTNERS ADVERTISING, INC.**

v.

**MEDINA IMPORTS, L.L.C., d.b.a. Medina Mitsubishi.**

2007-Ohio-4131.]

Court of Common Pleas of Ohio,
Medina County.

No. 06CIV1688.

Decided March 1, 2007.

Michael A. Gross, for plaintiff.

Robert A. Poklar, for defendant.

JAMES L. KIMBLER, Judge.

{¶ 1} On December 15, 2006, Zimmerman & Partners Advertising, Inc. ("Zimmerman"), a Florida corporation, filed a foreign judgment and creditor's affidavit. This pleading was filed pursuant to R.C. 2329.021 et seq. On January 5, 2007, Medina Imports, L.L.C., d.b.a. Medina Mitsubishi ("Medina Imports"), filed a motion to vacate the judgment that was rendered in the Broward County Circuit Court in case No. 06–000594–CACE–12 on May 31, 2006. The motion to vacate was filed pursuant to R.C. 2329.022.

{¶ 2} R.C. 2329.022 states: "A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas." In this case, Medina Motors is alleging that the Broward County Circuit Court did not have personal jurisdiction over Medina Motors, and therefore the judgment granted by the Florida court is void.

{¶ 3} In particular, Medina Motors is making two arguments. The first is that the service of the complaint was not made pursuant to Florida law, and the second is that Medina Motors did not have the minimum contacts with the state of Florida necessary to allow the Broward County Circuit Court to grant a judgment against it. Each of these arguments will be considered separately.

Noncompliance with Florida Law Regarding Service

{¶ 4} Medina Motors cites Fla.Stat. 48.21. That section states:

{¶ 5} "Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person. A failure to state the foregoing facts invalidates the service."

{¶ 6} In this case, Medina Motors argues that the person effecting service of process on Medina Motors did not set forth the date and time that the process "came to hand." Zimmerman argues that when an out-of-state party is served process pursuant to a lawsuit that has been filed in Florida, Florida law does not require the notation of the date and time the process "came to hand."

{¶ 7} Zimmerman relies on Fla.Stat. 48.194, which apparently is Florida's long-arm statute. That section states:

{¶ 8} "(1) Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or *any other competent evidence,* in determining whether service has been properly made." (Emphasis added.)

{¶ 9} Zimmerman argues that when Fla.Stat. 48.21 is read in conjunction with Fla.Stat. 48.194, it becomes clear that all that is required to perfect service on an out-of-state defendant is the filing of an affidavit setting forth the time, manner, and place of service. Zimmerman then cites several cases from Florida courts, both federal and state, in support of its proposition.

{¶ 10} This court believes that the argument advanced by Zimmerman is correct. It is obvious, given the language emphasized above, that the drafters of Florida's long-arm statute intended to give Florida courts some flexibility in deciding whether service of process was accomplished under Florida law. If an affidavit wasn't filed setting forth time, manner, and place of service by the officer making service, a Florida court could hold a hearing on that issue. If it was the intent of the Florida legislature to make the filing of an affidavit under both Fla.Stat. 48.21 and 48.194 necessary to perfect service, why would it give Florida courts the option of considering "other competent evidence" in making such a determination? This court believes that it would not, and therefore the only requirement regarding service on an out-of-state defendant is imposed by Fla.Stat. 48.194. Consequently the motion to set aside the judgment on the grounds that service of process wasn't made pursuant to Florida law is denied.

### Lack of Minimum Contacts with Florida

{¶ 11} The second argument advanced by Medina Motors is that the default judgment against it violated the Due Process Clause of the United States Constitution. Medina Motors asserts that it didn't have enough contacts with Florida to give the Broward County Court in personam jurisdiction over it. In support of its position Medina Motors attaches an affidavit of its president.

{¶ 12} Zimmerman counters that argument with the assertion that because the contract contained a forum-selection clause and because, under Florida law, if a contract is silent as to where the payments are to be made, such contract shall be construed as requiring payments to be made at the residence of the party due the payments, there were sufficient minimum contacts with Florida to justify the exercise of long-arm jurisdiction. This argument is based on Florida cases cited in Zimmerman's memorandum opposing the motion to vacate the judgment.

{¶ 13} The Ohio Supreme Court has held that a forum-selection clause is one of many factors to be considered by an Ohio trial court in deciding whether to give full faith and credit to the judgment of another state. *Anilas, Inc. v. Kern* (1987), 31 Ohio St.3d 163, 31 OBR 366, 509 N.E.2d 1267. In *Anilas* the Supreme Court wrote the following: "The above cases indicate that the focus of analysis ought to be whether one *purposely* established contacts with the forum state. This invariably requires an analysis of factors peculiar to the individual transaction. In the case here, the locus of breach clause contained in the contract, while not dispositive, is a significant factor." (Emphasis sic.) 31 Ohio St.3d at 164, 31 OBR 366, 509 N.E.2d 1267. *Anilas* also states: "Thus, where the defendant 'has created "continuing obligations" between himself and residents of the forum, *Travelers Health Assn. v. Virginia* [1950], 339 U.S. [643] at 648, [70 S.Ct. 927, 94 L.Ed. 1154], * * * he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State.' (Emphasis *sic*.) *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528." *Anilas,* 31 Ohio St.3d at 164, 31 OBR 366, 509 N.E.2d 1267.

{¶ 14} In this case Medina Motors made the conscious decision to do business with a company that was headquartered in Florida, and it signed a contract that had a forum-selection clause allowing both parties to bring a lawsuit in Florida to enforce the contract. Given the holding of the Ohio Supreme Court in *Anilas,* supra, this court finds that it is not a violation of the Due Process Clause of the United States Constitution for this court to give full faith and credit to the judgment issued by the Broward County Circuit Court.

{¶ 15} It is therefore ordered, adjudged, and decreed that defendant's motion to vacate is denied.

So ordered.